IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No. 25-MJ-00972-JMC |
| DAVID KAUFMAN | * | |

* * *

**DEFENDANT'S MEMORANDUM IN SUPPORT OF PRETRIAL RELEASE**

David Kaufman, through counsel, respectfully submits this memorandum in advance of his detention hearing. Because the Government cannot meet its heavy burden of showing detention is appropriate under the Bail Reform Act, the Court should grant Mr. Kaufman's release. United States Pretrial Services recommends Mr. Kaufman be released with Pretrial Services supervision. *See* US Pretrial Services Report (April 17, 2025).

## PROCEDURAL BACKGROUND

David Kaufman was arrested in Baltimore, Maryland on federal charges originating in the District of Massachusetts. He is charged with two counts of knowingly persuading an adult individual identified as Victim 1 to travel in interstate commerce to engage in prostitution, and aiding and abetting, in violation of 18 U.S.C. § 2422(a) and 18 U.S.C. § 2. ECF No. 1. As these charges fall outside the Bail Reform Act's enumerated offenses, the Government has moved for detention on the basis of a serious risk of flight and obstruction. *See* ECF No. 2 at 1 (citing 18 U.S.C. § 3142(f)(2)(A) & (B)). Mr. Kaufman's detention hearing is scheduled for April 17, 2025, at 3:00 p.m.

## GENERAL LEGAL STANDARD

Release is the default outcome in a pretrial detention hearing. *United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial

is the carefully limited exception."). Detention is to be ordered only when there is no combination of conditions that can "reasonably assure" the defendant's appearance as required or the safety of the community. 18 U.S.C. § 3142(g). In making this determination, the Court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id.*

In this case, the Government seeks detention only on the basis of risk of flight and obstruction. The Government has the burden of proving a defendant is a "serious" risk of flight or a "serious" risk of obstructing or attempting to obstruct justice. *Id.* § 3142(f)(2)(A) & (B). The Government must prove "serious" risk of flight by a preponderance of evidence. *Id.* § 3142(f); *United States v. Mejias-Mejias*, No. 25-mj-611, 2025 WL 846435, at *2 (D. Md. Mar. 18, 2025). While the standard of proof is not written into the Bail Reform Act when it comes to "serious" risk of obstruction, some courts have determined the Government must prove this standard by clear and convincing evidence. *United States v. Lamar*, 600 F. Supp. 3d 714, 721 (E.D. Ky. 2022) (collecting cases of courts applying "clear and convincing" evidence standard).

## ARGUMENT

The Government has not met its burden of proving either that Mr. Kaufman is a "serious" risk of flight or a "serious" risk of obstruction. Even if the Government meets its burden on these points, Mr. Kaufman should be released because the Government has not met its burden of proving there is no combination of release conditions to assure his appearance and safety to the community.

a. **Mr. Kaufman does not pose a "serious" risk of flight.**

The Government bears the burden of proving that Mr. Kaufman is a "serious" risk of flight by a preponderance of the evidence. *Mejias-Mejias*, 2025 WL 846435, at *2 "Demonstrating a serious risk of flight requires more than speculation, negligence, or logistical challenges. Instead, it

demands a substantial showing that the defendant will take deliberate, voluntary action to flee to evade judicial oversight." *United States v. Rodriguez-Fuentes*, No. 24-cr-122, 2025 WL 711955, at *2 (E.D. Ky. Mar. 5, 2025). "Mere opportunity for flight is not sufficient grounds for pretrial detention," since there is always at least *some* risk that a defendant will flee. *United States v. Himler*, 797 F.2d 156, 162 (3d Cir. 1986); *see also Chen*, 820 F. Supp. at 1208 ("Nor is opportunity to flee enough to justify detention. Section 3142 does not seek ironclad guarantees."). Indeed, if any theoretical risk of non-appearance, however slight, were enough to justify a flight-risk finding under the BRA, every defendant would be considered a flight risk, since "no precautions, including pretrial detention, ever conclusively guarantee a defendant's presence at trial." *United States v. Khashoggi*, 717 F. Supp. 1048, 1049 (S.D.N.Y. 1989).

The government alleges that Mr. Kaufman is a flight risk because he faces steep penalties, and because he has significant financial means. Neither allegation holds water under the legal principles and authorities cited above.

*First*, that Mr. Kaufman has substantial financial resources is not sufficient to justify detention. *E.g.*, *United States v. Giordano*, 370 F. Supp. 2d 1256, 1269 (S.D. Fla. 2005) (ordering release even when defendant had "access to considerable sums to finance possible flight" from prosecution). Importantly, the Government offers no showing that Mr. Kaufman would have anywhere to flee to, that he has any friends abroad to harbor him, or that he has any history of using false identification. *Id.* at 1270.

*Second*, the Government's argument that facing steep charges justifies detention is likewise flawed. While Mr. Kaufman's indictment includes two charges with maximums of 20 years' imprisonment, the possibility of a lengthy sentence does not alone justify detention. *United States v. Eischeid*, 315 F. Supp. 2d 1033, 1037 (D. Ariz. 2003) (ordering release even though defendant

faced prospect of death penalty). Indeed, courts routinely release individuals facing sentences more severe than Mr. Kaufman's. *See, e.g.*, *id.*; *United States v. Sanchez*, No. CR-08-00836, 2011 WL 744666 (C.D. Cal. 2011) (ordering release where defendant was facing mandatory minimum of 20 years).

Finally, the Government points to a single case to *speculate* that suicidal *ideation* is a sufficient basis to detain Mr. Kaufman under the BRA. But mental health allegations do not create a flight risk. *E.g.*, *United States v. Wasendorf*, 2012 WL 4052834, at *8 (N.D. Iowa 2012) (ordering release where defendant "undisputedly" attempted to commit suicide because it did not amount to a serious risk that defendant would flee). The Government proffers only that Mr. Kaufman remarked that he had been previously suicidal in 2024 due to "trauma in his childhood." Importantly, there are no allegations that Mr. Kaufman is currently suicidal, nor that the current charges would lead him to commit suicide. Accordingly, the accusations of suicidal behavior do not raise the risk of suicide, and should not be considered when assessing Mr. Kaufman's risk of flight. Moreover, conditions of release can be fashioned to mitigate any concerns about Mr. Kaufman's mental health status—like requiring Mr. Kaufman seek mental health treatment while on release.

**b. Mr. Kaufman does not present a "serious" risk of obstructing justice.**

The Government likewise bears the burden of proving Mr. Kaufman is a "serious" risk of obstructing justice. *Lamar*, 600 F. Supp. 3d at 721 (collecting cases of courts applying "clear and convincing" evidence standard). When assessing risk of obstruction of justice, "[t]he question is not simply whether [a defendant's] actions can be considered obstruction, but whether there is a *serious* risk of obstruction in the future." *United States v. Madoff*, 586 F. Supp. 2d 240, 250 (S.D.N.Y. 2009). "To be sure, the Court should consider past behavior in assessing the likelihood of prohibited behavior in the future, but the Government needs to show that there is a serious risk that these potential harms exist *going forward*." *Id.* (emphasis added). To detain a defendant, the

government must show a "serious" risk that the defendant will obstruct justice *in the future*. A non-zero risk—even a moderate risk—is not sufficient.

Here, the Government fails to meet that burden. The Government has not alleged any information demonstrating Mr. Kaufman has a propensity for future, deliberate interference with an actual judicial proceeding. The Government alleges only that Mr. Kaufman alternated forms of payment to avoid government suspicion, and that the Government was unable to find a video it suspects involves sexual acts with a minor. On the former allegation, the Government does not allege that Mr. Kaufman stopped making payments for illicit activities, that he completely avoided creating a digital trace of such activities, or that he attempted to destroy electronic evidence of such transfers. The Government alleges only that he "used cash more often" than electronic money transfers because he was afraid of the government noticing. On the latter allegation, the information the Government proffered about a video it was unable to find on Mr. Kaufman's iCloud suggests the Government is already in possession of Mr. Kaufman's electronic materials, or has the capability to gain access to them, thus lessening the risk that Mr. Kaufman would even have the ability to obstruct justice in the future. The bar for establishing obstruction of justice is incredibly high, and these allegations do not rise to meet it. *See, e.g.*, *United States v. Mercado*, 737 F. Supp. 3d 153, 160 (W.D.N.Y 2024) (detention not warranted for obstruction of justice even where government proffered that defendant made a phone call asking partner to destroy evidence).

c. **An evaluation of the § 3142(g) factors shows there is a combination of factors that can be fashioned to reasonably assure Mr. Kaufman's appearance and safety to the community.**

United States Pretrial Services recommends Mr. Kaufman be released with Pretrial Services supervision and on strict conditions. *See* US Pretrial Services Report (April 17, 2025). The Defense believes these conditions are sufficient to reasonably assure appearance and community safety.

It is incumbent upon the "government to prove the absence of any arrangement, short of full-blown detention (i.e., even the inadequacy of home detention or confinement with location monitoring and other conditions), that would 'reasonably assure' the court that the person will appear as required and not endanger the safety of other people or the broader community while awaiting trial." *See United States v. Kelley,* No. 23-cr-0327-JRR, 2023 U.S. Dist. LEXIS 208945, at *8 (D. Md. Nov. 20, 2023). Here, the Government has not even attempted to meet its by burden by considering any conditions that would reasonably assure appearance and safety. Finally, there is no reason to believe that Mr. Kaufman will not abide by these conditions. At age 44, Mr. Kaufman has no criminal record, no history of nonappearance, no history of noncompliance with court conditions, no history of creating false identification documents, and no connections to individuals abroad. The Government does not allege that Mr. Kaufman resisted arrest or tried to flee when confronted with a warrant. Thus, the above proposed conditions will reasonably assure Mr. Kaufman's presence and the safety of the community, which is all that is required by the BRA to release a defendant pretrial. 18 U.S.C. § 3142(e).

## CONCLUSION

For these reasons, Mr. Kaufman should be released pending trial.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

/s/
Jessica Sawadogo
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: 410-962-3962
Email: jessica_sawadogo@fd.org